(December 31, 1954.)

∎

MAE L. LECHNER et al., Respondents-Appellants, v. FRANK LECHNER, Appellant-Respondent.— Motion to dismiss appeals from a final judgment and from an interlocutory judgment, renewed on the argument of the appeals. Motion to dismiss appeal from the interlocutory judgment granted, without costs. That judgment has been affirmed by this court on a prior appeal. (279 App. Div. 916.) In view of the decision in *Lechner* v. *Lechner* (*post*, p. 1067), decided herewith, the motion to dismiss the appeal from the final judgment is denied, without costs. Present — Nolan, P. J., Wenzel, MacCrate, Beldock and Murphy, JJ.

∎

ERNEST ARON, Appellant-Respondent, v. FLORENCE GILLMAN et al., as Administratrices D. B. N. of the Estate of DORA OSTROFF, Deceased, Respondents-Appellants.— In an action for specific performance of an agreement providing for the sale of stock to the survivor of one of the two stockholders, the plaintiff appeals from so much of the judgment as fixes the amount of the purchase price and directs payment thereof in stated monthly installments, and the defendants appeal from so much of the judgment as decrees specific performance and directs that only the first installment of the purchase price be paid upon delivery of the stock, instead of all installments with interest accrued at the time of the entry of the judgment. In their brief the defendants limit so much of their appeal as relates to the amount fixed to a claim that interest is payable on each installment that was not paid on its due date. Judgment affirmed, without costs. No opinion. Wenzel, MacCrate and Murphy, JJ., concur; Adel, Acting P. J., concurs in the affirmance of the judgment insofar as appeal is taken by defendants, but, on the appeal by plaintiff, dissents and votes to modify the judgment by striking therefrom the portions thereof which determine the purchase price of the shares of stock to be $186,222.30 and the amount of the installment payments to be $10,345.68, and by substituting in place thereof the figures $124,705.71 and $6,928.10, respectively. The agreement provides that the surviving stockholder is entitled to purchase the shares of stock at the book value as determined by the audit and not by the books of the corporation. The audit shows that apportionable taxes must be deducted before the book value of the shares may be determined. The audit further shows the value of the inventory which is to be used in the process of determining book value, and it was erroneous to use the actual value of the inventory. The stipulation of counsel was an agreement that the actual value of the inventory was correctly determined after the death but not an agreement that such actual value, rather than the value shown in the audit, was to be used in determining book value of the shares, as provided by the agreement in suit. Beldock, J., not voting.

∎

KATE COHEN et al., Respondents, v. PROSPECT HEIGHTS HOSPITAL, Appellant.— In an action by the plaintiff Kate Cohen to recover damages for injuries sustained as the result of the negligence of defendant, and by her husband for medical expenses and loss of services, judgment for plaintiffs unanimously affirmed, with costs. No opinion. Present — Nolan, P. J., Wenzel, MacCrate, Beldock and Murphy, JJ. [See 285 App. Div. 829.]